IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLAN D. PAUL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELOITTE & TOUCHE, LLP, )<br>and DELOITTE & TOUCHE, USA, LLP, )<br>)<br>Defendants ) | C.A. No.:<br><br>Trial By Jury Demanded |

## COMPLAINT

## THE PARTIES

1. The plaintiff, Allan D. Paul (hereinafter referred to as "plaintiff") is a citizen of the Commonwealth of Massachusetts.

2. The defendants, Deloitte & Touche, LLP, is a Delaware Limited Liability Partnership, and Deloitte & Touche, USA, LLP is an umbrella partnership for Deloitte & Touche, LLP, and is also a Delaware Limited Liability Partnership (which are hereinafter referred to as "defendants"), which is the audit and tax related services operating partnership. The defendants' registered agents for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware.

## JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§1331 and 1343, in that the matter in controversy arises, in part, under the laws of the United States of America.

4. This action is brought pursuant to the provisions of the "Age Discrimination Employment Act of 1967", as amended 29 U.S.C. §621 et.seq., and the provisions of 19 Del.C. §711, and the Common Law of the State of Delaware.

5. This Court has supplemental jurisdiction to hear the matters arising under the laws of the State of Delaware, pursuant to 28 U.S.C. §1367.

6. Venue in this Court is proper under the provisions of 28 U.S.C. §1391, since the defendants reside within the State of Delaware, and contractual obligations between the parties require all litigation to occur within the State of Delaware.

### EXHAUSTION OF REMEDIES

7. Prior to the filing of this action, the plaintiff timely filed a charge of age discrimination with the Massachusetts Commission Against Discrimination, which constituted a simultaneous filing with the Equal Employment Opportunity Commission, on December 13, 2004, alleging discriminatory conduct.

### FACTS

8. The plaintiff is a male citizen of the United States whose date of birth is June 2, 1949, which, on the date of the violations stated herein, indicates that he was 54 years of age.

9. The plaintiff was formally a partner with Arthur Andersen, LLP.

10. In early 2002 the defendants reached an agreement with Arthur Andersen, LLP to acquire some of its partners.

11. On April 2, 2002 the firms entered into a Memorandum of Understanding, a condition of which to the closing of the agreement, was that at least 200 Arthur Andersen tax partners were required to accept offers of membership in Deloitte & Touche.

12. For every Arthur Andersen partner, that accepted membership in Deloitte & Touche, approximately 10 professional tax practice employees, would also be extended employment offers at Deloitte & Touche.

13. On April 19, 2002 Deloitte & Touche sent to Mr. Paul a formal written offer for him to join as a partner of their tax practice.

14. On April 30, 2002, the plaintiff accepted the employment offer, thereby becoming a member of Deloitte & Touche, LLP and Deloitte & Touche, USA, LLP.

15. On May 2, 2002, Deloitte & Touche confirmed the plaintiff's acceptance as a partner in the tax group in the Boston, Massachusetts office.

16. The letter of May 2, 2002 referred to in ¶15 also provided additional protection from removal for the first two years after closing, which occurred on April 30, 2002. The plaintiff signed the confirmation letter on May 4, 2002.

17. The plaintiff began his employment relationship with the defendants on May 8, 2002.

18. Thereafter, the first, and only performance evaluation of the plaintiff for the year 2003 was made by the defendants as "Good" and indicated that the plaintiff was "on track".

19. On February 16, 2004, the plaintiff had a mid-year performance review with the tax managing partner, Vince DeGutis. Nothing in the review of Mr. DeGutis indicated either any serious concerns with regards to his performance, nor any concerns to indicate that his relationship with Deloitte & Touche was in jeopardy.

20. Nine days after his mid-year performance review, on February 25, 2004, the plaintiff was presented with a "draft" 90 day "Performance Improvement Plan" ("PIP").

21. There had been no discussions of possible institution of a Performance Improvement Plan at the mid-year performance review on February 16, 2004.

22. Upon information and belief, there were younger, similarly situated employees with poorer performances, who were not given similar Performance Improvement Plans, nor terminated.

23. The Performance Improvement Plan presented to the plaintiff contained no objective standards or goals by which to measure the plaintiff's improved performance.

24. On March 4, 2004 the plaintiff met with Mr. DeGutis to discuss the "draft" PIP and the fact that the PIP set forth no objective criteria against which his performance could be measured.

25. Again, on March 8, 2004 the plaintiff met with Mr. DeGutis to discuss specific goals that he would be required to meet over the next three months. Neither Mr. DeGutis nor any other person affiliated with the defendants provided any clarity regarding the plaintiff's PIP goals, and his efforts to obtain such clarity were rebuffed.

26. The following day, after the second meeting with Mr. DeGutis, on March 9, 2004, the plaintiff was given the same PIP (previously presented to the plaintiff on February 25, 2004) with no changes accept for the word "draft" was removed.

27. Plaintiff was informed on March 9, 2004 that the 90 day performance improvement had commenced February 25, 2004, upon the receipt of the "draft" PIP. This meant that the 90 days would come to an end on May 26, 2004.

28. On March 10, 2004 the plaintiff again met with Mr. DeGutis to continue to attempt to document the expectations under the PIP. The performance expectations set forth were in areas of revenue generation, targeting activities, and sales, required performance that

would exceed the performance of the average similarly situated employee, as compared to the plan for comprehensive tax solutions ("CTS") sales and revenue.

29. As of the end of the defendant's fiscal year, May 28, 2004, the plaintiff had the fifth highest total of CTS sales in the Boston office, out of 18 partners, ranked second in CTS introductions, and despite no longer being employed by the defendants, ranked first in CTS revenue in the Boston office through the third period of fiscal year 2005.

30. On April 8, 2004, less than 40 days into the 90 day PIP period, the plaintiff was advised that he was going to be terminated.

31. When the plaintiff, on notification of his termination, attempted to engage in a discussion regarding a possible unit adjustment (i.e., a reduction in the plaintiff's compensation) such suggestions were dismissed as "not practical" and it was suggested that the plaintiff "go quietly" or the defendants would make his professional life "difficult".

32. Based upon the provisions of the PIP the plaintiff would have 90 days to improve his performance, although the plaintiff's performance had formerly been determined as "good" and "on track" it was clear that the decision to terminate was made prior to the plaintiff being given the "draft" PIP and the entire PIP process was a pretext by which the defendants hid their discriminatory intent.

33. On April 12, 2004, a committee consisting of six (6) partners and principles of Deloitte & Touche met and confirmed the plaintiff's termination.

34. On April 27, 2004 the plaintiff received a hand delivered letter, dated April 22, 2004 notifying the plaintiff of Deloitte & Touche's decision to terminate him effective May 27, 2004.

35. Upon information and belief the plaintiff was one of a disproportionate number of employees over 40 years of age whose employment was terminated while other younger employees with similar or worse performances were retained.

36. As a direct and proximate result of the discriminatory actions of the defendants, the plaintiff has lost in the past, and will lose in the future large sums of income and suffer damages to his earning capacity.

## COUNT I

### Discrimination Under 29 U.S.C. §621 et.seq.

37. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 35.

38. The actions of the defendants in terminating the employment of the plaintiff was a result of discriminatory animus based upon the plaintiff's age, in violation of 29 U.S.C. §621 et.seq.

39. The actions of the defendants as described herein were willful.

## COUNT II

### Discrimination Under 19 Del.C. §711

40. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 38.

41. As a direct and proximate result of the conduct of the defendants, described herein, the plaintiff has suffered, and will continue to suffer great pain and mental anguish.

42. The actions of the defendants as described herein were the result of discrimination based upon the plaintiff's age, in violation of 19 Del.C. §711, et.seq.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

43. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 41.

44. The defendants' removal of the plaintiff was arbitrary and unreasonable in an effort to prevent him from obtaining the fruits of the contractual agreement between the plaintiff and the defendant.

45. The defendants' termination of the plaintiff was based upon fraud, deceit, or misrepresentation for the purpose of preventing him from obtaining benefits due him under the contract with the defendants.

## COUNT IV

### Breach of Contract

46. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 44.

47. The actions by the defendants as described herein where a breach of the contractual obligation between the plaintiff and defendants, in the means, manner, and reasons for his termination.

WHEREFORE, the plaintiff requests this Court to:

a. Enter a judgment against the defendant.

b. Enter a declaratory judgment stating that the actions of the defendant are in violation of the plaintiff's rights.

      c.      Enter a judgment against the defendant for compensatory damages, including lost wages.

      d.      Enter a judgment against the defendant for liquidated damages as provided by 29 U.S.C. §621 et.seq.

      e.      Grant Injunctive relief to the plaintiff restoring his employment.

      f.      Award the plaintiff the cost, interest, and attorney fees for this lawsuit.

      g.      Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber

GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: 4/6/06

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS<br><br>ALLEN D. PAUL<br><br>b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS<br>DELOITTE & TOUCHE, LLP, AND DELOITTE & TOUCHE, USA, LLP<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT__NewCastle___<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 |  | incorporated or Principal Place Of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place Of business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)
29 U.S.C. §621 et.seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>☐ 362 Personal Injury-- Med Malpractice<br>☐ 365 Personal Injury -- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 422 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: April 6, 2006
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 6-225

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___4/6/06___   ___[signature]___
(Date forms issued)   (Signature of Party or their Representative)

___Bryan Davis___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action