IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLAN D. PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-225-KAJ |
| v. ) | |
| ) | |
| DELOITTE & TOUCHE, LLP, ) | |
| and DELOITTE & TOUCHE, USA, LLP, ) | Trial By Jury Demanded |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS**

Sheldon N. Sandler (No. 245)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED: June 16, 2006

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

ARGUMENT ..................................................................................................................................1

    THE COURT SHOULD NOT ACCEPT SUPPLEMENTAL
    JURISDICTION OVER PLAINTIFF'S COMMON LAW
    CLAIMS. ............................................................................................................................1

CONCLUSION ...............................................................................................................................4

## TABLE OF AUTHORITIES

**Page**

Cases

*DeRasmo v. Hospitality Franchise Systems, Inc.*,
    1995 U.S. Dist. LEXIS 6349 (D. N.J. May 8, 1995) .................................................. 1, 3

*Lyon v. Whisman & Associates, P.A.*,
    45 F.3d 758 (3d Cir. 1995) ........................................................................................ 1

# ARGUMENT

## THE COURT SHOULD NOT ACCEPT SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS.

Plaintiff makes contradictory assertions in his Answering Brief, claiming both that the federal statutory and state common law claims "evolve out of the same facts," Answering Brief 11, and that his state common law implied covenant claim "stands in its own right as **a separate and distinct claim** that is not premised upon age discrimination." *Id.,* at 17. (emphasis added). In his brief, the Plaintiff has elaborated on the allegations made in his Complaint, and it is now even plainer than before that the facts relating to his state law claims are quite distinct from those concerning his age discrimination claim. His ADEA claim involves an alleged comparison of his performance with that of others in his office, *id.*, at 7, while his common law claims involve allegations that Defendants committed fraud and sought to "obtain the fruits of the plaintiff's prior client contacts." *Id.*

Plaintiff's brief attempts to downplay the significance of the Third Circuit's decision in *Lyon v. Whisman & Associates, P.A.*, 45 F.3d 758 (3d Cir. 1995) and the other related cases cited in Defendant's opening brief that completely undercut Plaintiff's claim of supplemental jurisdiction. Plaintiff's assertion that *DeRasmo v. Hospitality Franchise Systems, Inc.*, 1995 U.S. Dist. LEXIS 6349 (D. N.J. May 8, 1995), is inapposite because "the defendant has not sought dismissal of the Federal claims," Answering Brief 11, is completely off the mark.

In addressing supplemental jurisdiction in that case which, like this one, involved an ADEA claim, a state statutory age discrimination claim, and common law

implied covenant and breach of contract claims, the court said that it is "apparent that the Third Circuit interprets section 1367 and *Gibbs* very narrowly." *Id.*, at *26. The court went on to exercise supplemental jurisdiction over the state statutory claim but then pointed out that "the nexus between plaintiff's remaining state law claims is far more remote."

> The Court finds only one fact is common to both plaintiff's ADEA claims and the remaining state law claims: the employer/employee relationship. This fact must be proven under both the ADEA claims and the state law claims for breach of employment contract, breach of the implied covenant of good faith and fair dealing, and breach of relocation contract. . . . With respect to his ADEA claim plaintiff must prove he was in a protected class, that he was qualified for the position and that he was discharged because of his age. Each of these facts is irrelevant, or at least immaterial, to plaintiff's state law breach of contract and tort claims.
>
> Conversely, with respect to his state law claims, plaintiff must prove the terms of his employment and termination contract; he must prove that certain oral promises were made, he must prove that these oral promises created a binding oral contract or that he relied to his detriment on these promises; he must prove that [the employer] failed to deal "fairly" with him; . . . None of these facts are material to plaintiff's ADEA claim. Thus, plaintiff's state and federal claims present entirely different elements of proof and theories of recovery. . . . Therefore, the Court does not have the power to exercise supplemental jurisdiction over plaintiff's state law claims.

*Id.*, at *27-*28.

Plaintiff's proof in this case would be virtually identical to what the *DeRasmo* court outlined. Plaintiff's implied covenant claims in this case allege that Defendants engaged in fraudulent misrepresentations by manipulating their records to accomplish his dismissal, Answering Brief 14, and by doing so, according to Plaintiff, sought to obtain the fruits of Plaintiff's prior contacts. *Id.*, at 7.

2

His breach of contract claim alleges that he was given a "draft ninety (90) day 'Performance Improvement Plan'," *id.*, at 6, but was terminated prematurely. *Id.*, at 13. As in *DeRasmo*, Plaintiff will have to prove that the supposed draft Performance Improvement Plan was a contract that was binding on Defendants, and that they failed to deal "fairly" with him but instead, intentionally falsified and manipulated his record in order to obtain some benefit. As in *DeRasmo*, the elements of Plaintiff's proof and theories of recovery are entirely unrelated to his ADEA claim.

The cases from outside the Third Circuit that Plaintiff relies on are inapposite. As the court in *DeRasmo* observed, some courts have held that a "loose nexus" is enough for supplemental jurisdiction but "the Third Circuit has expressly rejected this loose nexus test." *Id.*, at *24-*25. Here the "operative facts" necessary for Plaintiff to prove the existence of a contract, and to demonstrate that Defendants engaged in a fraud, are different from the bulk of the "operative facts" Plaintiff will have to present in order to prove he was the victim of age discrimination. Under the law of the Third Circuit, this court should decline supplemental jurisdiction and dismiss Plaintiff's state common law claims.

DB01:2120068.1                                                                                                                                        064406.1002

## CONCLUSION

For the reasons stated herein and in Defendants' opening brief, Plaintiff's common law claims should be dismissed.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sheldon N. Sandler (No. 245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:  June 16, 2006

## CERTIFICATE OF SERVICE

I, **Sheldon N. Sandler, Esquire**, hereby certify that on **Friday, June 16, 2006**, I electronically filed a true and correct copy of the foregoing **Defendants' Reply Brief in Support Of Their Motion to Dismiss,** which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such **Defendants' Reply Brief in Support Of Their Motion to Dismiss** was also hand delivered to the following counsel of record on this date.

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Sheldon N. Sandler_
Sheldon N. Sandler, Esquire (No. 0245)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com
Attorneys for Defendant

DATED:   June 16, 2006