IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN D. PAUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-225-MPT |
| v. | ) |
| | ) |
| DELOITTE & TOUCHE LLP, | ) |
| and DELOITTE & TOUCHE USA LLP, | ) Trial By Jury Demanded |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

1. Admitted.

2. The correct names of the Defendants are Deloitte & Touche LLP and Deloitte & Touche USA LLP. Admitted that they are Delaware limited liability partnerships and that Corporation Service Company is their registered agent. Otherwise denied.

3. Admitted that this Court has jurisdiction.

4. Admitted that the stated claims are the basis of the lawsuit, except that the claim under 19 Del. C. §711, Count II, has been withdrawn voluntarily.

5. Denied that the Court has supplemental jurisdiction.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that on April 2, 2002, defendant Deloitte & Touche USA LLP and Arthur Andersen LLP entered into a non-binding Memorandum of Understanding that,

2

among other things, contemplated that certain Arthur Andersen partners might become partners or principals of Defendants.

11. The Memorandum of Understanding speaks for itself.

12. The Memorandum of Understanding speaks for itself.

13. Admitted.

14. Admitted that Plaintiff accepted the offer of partnership on April 30, 2002, which was subject to the execution of certain additional documents, except that the correct names of the Defendants are as stated in paragraph 2 above.

15. Admitted that on May 2, 2002, Defendants confirmed the terms of their offer to Plaintiff of his admission as a partner of each Defendant.

16. The document speaks for itself. Admitted that Plaintiff accepted Defendants' offer of partnership on May 4, 2002.

17. Admitted that Plaintiff became a party to each Defendant's Memorandum of Agreement on May 8, 2002. Otherwise denied.

18. The evaluation speaks for itself. For a further answer, the "good" rating was the second lowest of the five possible ratings.

19. Denied.

20. Admitted that Plaintiff was placed on a Performance Improvement Plan on February 25, 2004. Otherwise denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. The document speaks for itself. Otherwise denied.

27. Defendants do not have sufficient information to admit or deny this averment.

28. Denied.

29. Denied.

30. Denied, except admitted that Plaintiff was informed that the committee referred to in paragraph 5 (b) of his admission agreement would be asked to sever his relationship with Defendants.

31. Denied.

32. Denied, except admitted that it became evident during followup meetings between February 25 and April 12, 2004 that Plaintiff would not be able to meet the expectations in the PIP that he substantially improve his performance.

33. Admitted that on April 12, 2004 the committee met and voted unanimously to sever Plaintiff's relationship with Defendants.

34. Admitted that Plaintiff was sent a letter dated April 22, 2004 informing him that the committee contemplated by paragraph 5 (b) of his admission agreement had determined that his association with Defendants would be severed effective May 27, 2004. Defendants do not have sufficient information to admit or deny the balance of this averment.

35. Denied.

36. Denied.

37. Defendants incorporate herein by reference their answers to paragraphs 1 through 35.

38. Denied.

39. Denied.

40-42. No Answer necessary because Count II has been withdrawn voluntarily.

43-48. No answer necessary at present because motions to dismiss Counts III, IV and V are pending.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

51. The Complaint fails to state a claim upon which relief can be granted.

52. Plaintiff lacks standing to assert a claim under the Age Discrimination In Employment Act.

53. The actions complained of by Plaintiff were taken based on reasonable factors other than age.

54. Notwithstanding Defendants' general denials and previous affirmative defenses, to the extent Plaintiff establishes that his age was a motivating factor for any decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such a motivating factor.

55. To the extent Defendants discover during the course of this action that Plaintiff engaged in any conduct which would otherwise warrant discharge under Defendants' policies, Plaintiff's right to recover damages will be cut off.

WHEREFORE Defendants demand that the Complaint be dismissed and that costs be assessed against the Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/   *Sheldon N. Sandler*

Sheldon N. Sandler (No. 245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

Dated: May 18, 2007