IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN D. PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 06-00225 MPT |
| v. ) | |
| ) | Trial By Jury Demanded |
| DELOITTE & TOUCHE LLP ) | |
| and DELOITTE & TOUCHE USA LLP, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' MOTION TO LIMIT PLAINTIFF'S WRITTEN DISCOVERY**

Defendants Deloitte & Touche LLP and Deloitte & Touche USA LLP (together, "Deloitte" or the "Defendants"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby move (the "Motion") to limit Plaintiff's discovery such that Plaintiff is barred from propounding any additional written discovery requests.

**RELIEF REQUESTED**

Plaintiff has exceeded his allowed twenty-five interrogatories under Rule 33(a) of the Federal Rules of Civil Procedures. To date, Plaintiff has served upon Defendants 108 interrogatories, including discrete subparts. Moreover, almost all of Plaintiff's requests for the production of documents substantially coincide with his interrogatories. For example, in his fifth request for the production of documents, Plaintiff merely seeks for each corresponding interrogatory "all documents from which the answer and response to that interrogatory was derived from. . . . ." Accordingly, the Defendants seek an order from this Court limiting Plaintiff's written discovery and relieving them from further objecting or otherwise responding to Plaintiff's recently propounded written discovery.

**FACTUAL BACKGROUND**

On January 3, 2007, Plaintiff served his First Request for Production Directed to Defendants [sic] ("Plaintiff's First Document Request"). His request included sixteen document requests. Pursuant to an agreement between the parties, defendants responded on June 28, 2007 by providing both written responses and producing documents bates-labeled D1-D455.

On August 8, 2007, Plaintiff served his Second Request for Production Directed to Defendants ("Plaintiff's Second Document Request") and his "first set" of Plaintiff's Interrogatories Directed to Defendants. Plaintiff's Second Document Request consisted of seven requests. Plaintiff's interrogatories consisted of twenty-eight interrogatories, excluding discrete sub-parts. Later, on August 29, 2007, Plaintiff served his "Plaintiff's Interrogatories Directed to Defendants," which was largely duplicative of the set served August 8, 2007, and included an additional ten interrogatories.

Prior to responding to the now thirty-eight interrogatories, Defendants informally raised their objection to Plaintiff's excessive number of interrogatories. By the Defendants' conservative count, Plaintiff actually sought answers to 127 interrogatories. Furthermore, many of Plaintiff's interrogatories were substantially similar. By agreement, Plaintiff agreed to serve twenty-eight (excluding discrete sub-parts) revised interrogatories on October 4, 2007 (the "Revised First Interrogatories"). By the Defendants' count, the revised set still consisted of 94 interrogatories, including discrete requests. Pursuant to their agreement, Defendants nonetheless answered the revised interrogatories on October 18, 2007.

On October 3, 2007, Plaintiff served his Third Request for Production of Documents Directed to Defendants ("Plaintiff's Third Document Request"), which consisted of

three additional requests.  Defendants served written responses and produced additional documents on October 18, 2007.

On October 19, 2007, Plaintiff demanded that Defendants categorize the documents produced thus far into an index for Plaintiff.  Defendants complied and provided Plaintiff with an index of all documents produced, referenced by document requests and bates-number, on November 15, 2007.

On November 26, 2007, Plaintiff demanded by letter that, once again, Defendants "either produce…documents, or indicate where those documents are located, by Bates number."  Plaintiff asked for, in part, the exact information which was previously provided to him in a highly organized index on November 15, 2007.  By that same letter, Plaintiff also sought answers to two interrogatories to which the Defendants' previously objected.

By letters dated November 16, 2007 and November 26, 2007, Plaintiff sought answers to two interrogatories to which Defendants previously objected.  On December 12, 2007, Defendants replied to Plaintiff's letters by, once again, providing Plaintiff with a list of documents previously produced, which were responsive to Plaintiff's written discovery requests.

On November 28, 2007, Plaintiff served his Second Set of Interrogatories Directed to Defendants ("<u>Second Interrogatories</u>") and his Fifth Request for Production Directed to Defendants ("<u>Plaintiff's Fifth Document Request</u>")[1].  Plaintiff's interrogatories are oddly numbered twenty-six through thirty-five (an additional ten interrogatories), excluding discrete sub-parts.  When discrete sub-parts are counted, by his most recent request Plaintiff seeks answers to an additional 14 interrogatories.

To date, Plaintiff has only propounded 13 requests for production.

---

[1] Although titled "Plaintiff's Fifth Request for Production Directed to Defendant," it is actually Plaintiff's fourth request for the production of documents.

To summarize, Plaintiff has propounded four sets of document requests totaling 35 requests, and two sets of interrogatories, totaling 108 interrogatories. Excluding their informal exchanges regarding documents produced by the Defendants, Defendants have responded to 25 document requests, answered 94 interrogatories (including discrete subparts), and produced 1039 pages of documents. Defendants' responses to Plaintiff's Fifth Document Request and Second Interrogatories are due January 2, 2008.

### DEFENDANT HAS EXCEEDED THE INTERROGATORY LIMIT SET FORTH IN RULE 33(a). THEREFORE, PLAINTIFF'S WRITTEN DISCOVERY REQUESTS SHOULD BE LIMITED.

Defendants object to each interrogatory in Plaintiff's Second Interrogatories because Plaintiff's requests exceed the number of interrogatories permitted pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 33, "any party may serve upon any other party written interrogatories, <u>not exceeding 25 in number including all discrete subparts</u>." Fed. R. Civ. P. 33(a) (emphasis added).

To date, Plaintiff has served upon Defendants <u>108</u> interrogatories, including discrete subparts. At this point, Plaintiff does not seek any new or different information. Rather, he has merely restyled interrogatories and document requests that the Defendants have either previously answered, objected to, or produced responsive documents in response thereto. For example, in his Second Interrogatories, Plaintiff seeks revenue generated by certain of the Defendants' partners for fiscal years 2003 and 2004. Defendants have previously answered these inquiries, they have produced all responsive documents in their custody, possession, and control, and they have provided Plaintiff on two occasions with detailed lists of the documents, by Bates-number and title. Pursuant to Rule 26, it is appropriate for this Court to therefore limit Plaintiff's written discovery requests because the requests are duplicative and oppressive. <u>See</u> <u>Power</u>

Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., C.A. No. 04-1371-JJF, 2006 U.S. Dist. Lexis 60089, *6 (D. Del. Aug. 24, 2006) (granting motion to quash subpoena because it was cumulative and duplicative of previous subpoenas); Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159 (D. Del. 2001) (stating that a court may limit a party's discovery if the party seeks duplicative or cumulative information, or if the party had ample time to get the information).

       Plaintiff's actions appear to be an effort to harass the Defendants. Moreover, it is unduly burdensome and expensive for the Defendants to first, figure out what, exactly, Plaintiff is asking for, and second, answer substantially similar written discovery requests. "[B]ecause the device can be costly and may be used as a means of harassment, it is desirable to subject its use to control of the court…" Fed. R. Civ. P. 33 advisory committee's note (1993). See also Mawulawde v. Board of Regents of the University System, No. CV 105-099, 2007 U.S. Dist. LEXIS 62700, *19-21 (S.D. Ga. Aug. 24, 2007) (requiring parties to adhere to Rule 33's twenty-five interrogatory limit); Burket v. Hyman Lippitt, No. 05-72110, 2007 U.S. Dist. LEXIS 62044, *2-5 (E.D. Mich. Aug. 23, 2007) (denying defendants' request to exceed Rule 33's twenty-five interrogatory limit). It is therefore appropriate for the Court to limit Plaintiff's written discovery requests. See also Fed. R. Civ. P. 26(c) (stating that a court may, for good cause, enter an order protecting a party from annoyance, oppression, or the undue burden or expense related with answering discovery); Moll v. Telesector Res. Group, Inc., No. 04-CV-0805S (Sr), 2007 U.S. Dist. LEXIS 72854, *4-5 (W.D.N.Y. Sept. 28, 2007) (limiting, in part, certain of plaintiff's written discovery requests)

       Although he greatly exceeded the number of allowed interrogatories in his first set of interrogatories, Defendants nonetheless answered approximately 94 interrogatories in an effort

to resolve their informal objection. Defendants have also answered each of Plaintiff's three requests for documents. However, in total, Plaintiff has propounded <u>four times</u> the number of interrogatories allowed under the Federal Rules of Civil Procedure. Because Plaintiff has exceeded his interrogatory limit, and because his recent document requests merely mirror his new interrogatories, Defendants ought to be relieved of their obligation to further object or otherwise respond to Plaintiff's Second Interrogatories and fourth document request.

## **CONCLUSION**

Rule 33(a) clearly states that a party is limited to propounding twenty-five interrogatories, including discrete subparts. To date, Plaintiff has propounded over one hundred interrogatories, including discrete subparts. Moreover, Plaintiff's most recent document requests merely seek documents that coincide with his recently propounded interrogatories. By his recent requests, Plaintiff does not truly seek any new or different information. Therefore, Defendants seek an order limiting Plaintiff's written discovery and relieving them of their obligation to object or otherwise respond to Plaintiff's recently propounded written discovery.

WHEREFORE, Defendants seek an order, substantially similar to the form of order attached hereto: (i) limiting Plaintiff's discovery such that Plaintiff is barred from propounding any written discovery requests, (ii) relieving Defendants from their obligation to

object and/or respond to Plaintiff's Second Set of Interrogatories Directed to Defendants and Plaintiff's Fifth Request for Production Directed to the Defendant[2], and (iii) granting such other and further relief as this Court deems just.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Maribeth L. Minella
Sheldon N. Sandler, Esquire (No. 245)
Maribeth L. Minella, Esquire (No. 4185)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com; mminella@ycst.com

Attorneys for Defendants

Dated: December 20, 2007

---

[2] Although titled "Plaintiff's Fifth Request for Production Directed to Defendant," it is actually Plaintiff's fourth request for the production of documents.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN D. PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 06-00225 MPT |
| v. ) | |
| ) | Trial By Jury Demanded |
| DELOITTE & TOUCHE LLP ) | |
| and DELOITTE & TOUCHE USA LLP, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION
TO LIMIT PLAINTIFF'S WRITTEN DISCOVERY REQUESTS**

This _____ day of _____, 200__, the Court having duly considered Defendants' Motion to Limit Plaintiff's Written Discovery Requests (the "Motion") and any responses thereto, and the parties having determined that after discussion that the matter cannot be resolved by agreement, IT IS HEREBY ORDERED:

1. Plaintiff is barred from propounding upon Defendants any written discovery requests, including but not limited to, interrogatories, requests for admission and/or requests for the production of documents, unless and until Plaintiff obtains Court authority to do so.

2. Defendants are relieved of their obligation to either object or respond to Plaintiff' Second Set of Interrogatories Directed to Defendant, served November 28, 2007.

3. Defendants are relieved from their obligation to either object or respond to Plaintiff's Fifth Request for Production Directed to Defendant[3], served November 28, 2007.

4. This Order shall remain effective until further notice of this Court.

_____
United States Magistrate Judge Mary Pat Thynge

---

[3] Although titled "Plaintiff's Fifth Request for Production Directed to Defendant," it is actually Plaintiff's fourth request for the production of documents.