IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALAN D. PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 06-00225 MPT |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| DELOITTE & TOUCHE LLP | ) | |
| and DELOITTE & TOUCHE USA LLP, | ) | |
| | ) | |
| Defendants | ) | |

## JOINT INTERIM STATUS REPORT

Plaintiff Alan D. Paul and Defendants Deloitte & Touche LLP and Deloitte & Touche USA LLP hereby submit their joint interim status report. Based upon the information provided herein, the parties believe that a status conference on January 8, 2007 is necessary.[1]

## NATURE OF THE MATTERS AT ISSUE

On April 6, 2006, Plaintiff filed his complaint [D.I. 1] alleging, *inter alia*, age discrimination claims against Defendants based upon state and federal law.[2] Plaintiff asserted causes of action under the Age Discrimination in Employment Act (the "ADEA") (29 U.S.C. § 621, *et seq.*), the Delaware discrimination statute (19 *Del. C.* § 711), the common law implied covenant of good faith and fair dealing, and Plaintiff's partnership agreement with Defendants. Plaintiff, a former partner in Defendants' tax practice, claimed that Defendants wrongfully severed him from the partnership and alleged that the reason for his termination was his age.

---

[1] A telephonic status conference has already been scheduled for January 8, 2007 at 8:30 a.m. (ET), pursuant to the Amended Scheduling Order, dated September 21, 2007 [D.I. 54]. As provided by the order, Plaintiff's counsel shall initiate the teleconference.
[2] Plaintiff's complaint was amended on May 25, 2006 [D.I. 7] and June 27, 2006 [D.I. 15]. Plaintiff later withdrew his second amended complaint on August 23, 2006 [D.I. 21].

On May 5, 2006, Defendants moved to dismiss the state law claims from Plaintiff's complaint. After Plaintiff's complaint was amended to include discrimination claims based upon the Massachusetts state discrimination statute, Defendants also moved to strike Plaintiff's amended complaint. The parties separately briefed the procedural issues before the Court. On August 20, 2007, this Court issued a memorandum opinion [D.I. 49], which dismissed Plaintiff's Delaware and Massachusetts state law claims. The Delaware State claims are now being litigated in the Delaware State Superior Court.

Thus, as this case stands presently, the parties continue to dispute Plaintiff's age discrimination claim based upon the ADEA.

## STATUS OF DISCOVERY

Pursuant to the Amended Scheduling Order, the parties are scheduled to close discovery on February 15, 2008. (Amended Scheduling Order ¶ 3(c).) As explained below, the parties are currently engaged in extensive discovery, including numerous depositions. The parties are doubtful that they will timely complete their discovery.

### A.   Plaintiff's Written Discovery Practice

On January 3, 2007, Plaintiff served his First Request for Production Directed to Defendants [sic]. Plaintiff's initial interrogatories were basically contention interrogatories, designed to narrow the issues. Initially, Defendants opposed answering Plaintiff's written discovery because the motions to dismiss were pending before the Court. Eventually, and pursuant to an agreement between the parties, Defendants responded on June 28, 2007 by providing both written responses and producing documents, although Plaintiff contended that the documents produced were not produced in compliance with Fed. R. Civ. P. 34, being unidentified as to which request they were responding to, or otherwise organizing them.

On August 8, 2007, Plaintiff served his Second Request for Production Directed to Defendants and his "first set" of Plaintiff's Interrogatories Directed to Defendants. Later, on August 29, 2007, Plaintiff served his "Plaintiff's Interrogatories Directed to Defendants," which was largely duplicative of the set served August 8, 2007, and included an additional ten interrogatories. Defendants informally raised an objection to Plaintiff's number of interrogatories. By agreement, Plaintiff agreed to serve twenty-eight (excluding discrete sub-parts) revised interrogatories on October 4, 2007. Defendants answered the revised interrogatories on October 18, 2007.

On October 3, 2007, Plaintiff served his Third Request for Production of Documents Directed to Defendants. Defendants served written responses and produced additional documents on October 18, 2007.

On October 19, 2007, Plaintiff requested that Defendants categorize the documents produced thus far into an index for Plaintiff. Defendants complied.

On November 26, 2007, Plaintiff demanded by letter that Defendants "either produce…documents, or indicate where those documents are located, by Bates number." Plaintiff asked for, in part, the exact information which was previously provided to him in the above-referenced organized index on November 15, 2007. By that same letter, Plaintiff also sought answers to two interrogatories to which the Defendants had previously objected.

By letters dated November 16, 2007 and November 26, 2007, Plaintiff sought answers to two interrogatories to which Defendants had previously objected. On December 12, 2007, Defendants replied to Plaintiff's letters by, once again, providing Plaintiff with a list of documents previously produced, which were responsive to Plaintiff's written discovery requests.

On November 28, 2007, Plaintiff served his Second Set of Interrogatories Directed to Defendants and his Fifth Request for Production Directed to Defendants[3]. Plaintiff contends that the second set of interrogatories was narrowly drafted to a few (10) specific issues. This time, Defendants formally raised their objection to the fact that Plaintiff had exceeded his allowed twenty-five interrogatories under Fed. R. Civ. P. 33(a). Accordingly, on January 2, 2008, Defendants contacted chambers for a teleconference so that their objection to Plaintiff's excessive number of interrogatories could be brought before the Court.

### B.  Plaintiff's Deposition Practice

To date, Plaintiff has taken the depositions of three Fed. R. Civ. P. 30(b)(6) representatives of the Defendants. Of the three designated 30 (b) (6) witnesses, Plaintiff contends that none were able to competently testify as to the subject matter of the notices. (For instance, one notice requested the defendants to designate an individual to testify as to the "process and mechanism" of how the plaintiff was removed from his employment with Defendants. The designee could only testify as to one part of the process, the meeting of the committee that voted for the Plaintiff's removal, and not the timing and actual mechanism and other parts of the process.) Plaintiff contends that the Defendants' alleged failure to produce competent designees will require scheduling the depositions a second time. Plaintiff, on December 18, 2007, wrote to Defendants suggesting additional depositions needed to complete the three depositions already taken, as well as additional specific named witnesses, and perhaps two additional Fed. R. Civ. P. 30(b)(6) designees. It is expected that the parties will confer and work out a schedule for any additional depositions.

---

[3] Although titled "Plaintiff's Fifth Request for Production Directed to Defendant," it is actually Plaintiff's fourth request for the production of documents.

### C. Defendants' Written Discovery Practice

On November 2, 2007, Defendants propounded their first and only request for the production of documents. Plaintiff submitted written responses and produced documents on December 7, 2007. The Defendants do not have any pending written discovery requests at this time.

### D. Defendants' Deposition Practice

On November 1, 2007, Defendants took Plaintiff's deposition. The Defendants do not contemplate taking any additional depositions in this matter.

### E. Comparator Discovery

Since this is an age discrimination matter, Plaintiff has requested "comparator discovery" from the Defendants. Defendants have limited their responses to the Boston office and some information from the Northeast Region, and primarily to the twelve person group in which the Plaintiff worked, claiming that the decision maker was Plaintiff's immediate supervisor, and supervisor of that small group. However, Plaintiff contends that discovery to date has revealed that the decision was made by a firm-wide committee, and that the initiation of the process and the issuance of a "PIP" (a performance improvement plan) was by a supervisor for a much larger operating group. Thus, Plaintiff contends that the comparator discovery should cover a much larger universe that the immediate group with which Plaintiff was employed.

## **CONCLUSION**

The parties believe that discovery will not be completed as scheduled. The parties further believe that the status conference, currently scheduled for January 8, 2008, is necessary in order to seek to resolve pending issues and to discuss new dates for the scheduling order.

ABER, GOLDLUST, BAKER & OVER           YOUNG CONAWAY STARGATT & TAYLOR, LLP

 */s/ Gary W. Aber*                                             */s/ Sheldon N. Sandler*
Gary W. Aber, Esquire (No. 754)           Sheldon N. Sandler (No. 245)
702 King Street, Suite 600                Maribeth L. Minella (No. 4185)
P.O. Box 1675                             The Brandywine Building
Wilmington, DE 19899-1675                 1000 West Street, 17th Floor
(302) 472-4900                            P.O. Box 391
Attorney for Plaintiff                    Wilmington, Delaware 19899-0391
                                          (302) 571-6673; (302) 571-6708
                                          (302) 576-3330; (302) 576-3317
                                          ssandler@ycst.com; mminella@ycst.com
                                          Attorneys for Defendants

DATED: January 3, 2008