# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
JOHN E. TRACEY
EDMON L. MORTON

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6708
DIRECT FAX: (302) 576-3317
mminella@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

  SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

  SENIOR COUNSEL
CURTIS J. CROWTHER

  OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

January 7, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
District Court for the District of Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

   Re: Paul v. Deloitte & Touche LLP and Deloitte & Touche
     USA LLP, C.A. No. 06-00225 (MPT)

Dear Judge Thynge:

  Defendants Deloitte & Touche LLP and Deloitte & Touche USA LLP (together, "Defendants" or "Deloitte") submit for your consideration, pursuant to paragraph 3(e) of the Amended Scheduling Order dated September 21, 2007 [D.I. 54] a dispute regarding Plaintiff having grossly exceeded his allowed twenty-five (25) interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure. To date, Plaintiff has served upon Defendants <u>108</u> interrogatories, including discrete subparts.

  The parties have discussed the pending discovery dispute, and are unable to reach a resolution. A teleconference on this issue has been scheduled for Thursday, January 10, 2008 at 9:30 a.m. (ET).

## SUMMARY OF DISPUTE AND RELIEF REQUESTED

  Rule 33 is clear: "any party may serve upon any other party written interrogatories, <u>not exceeding 25 in number including all discrete subparts</u>." Fed. R. Civ. P. 33(a) (emphasis added). Plaintiff has grossly exceeded this limit. Defendants therefore object to

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
January 7, 2008
Page 2

Plaintiff's Second Set of Interrogatories ("Plaintiff's Second Interrogatories") and his Fifth Request for Production Directed to Defendants ("Plaintiff's Fifth Document Request"[1]), which were served upon Defendants November 28, 2007. Defendants request that this Court enter an order: (i) limiting Plaintiff's ability to propound additional written discovery unless and until Plaintiff obtains Court authority to do so, and (ii) relieving Defendants of their obligation to either object or respond to Plaintiff's Second Interrogatories and Fifth Document Request[2].

## GENERAL BACKGROUND

This is not the first time Defendants have raised this objection with the Plaintiff. On August 8, 2007, Plaintiff served his second document request and his "first set" of "Plaintiff's Interrogatories Directed to Defendants." Plaintiff's interrogatories consisted of twenty-eight interrogatories, excluding discrete subparts. Later, on August 29, 2007, Plaintiff served his "Plaintiff's Interrogatories Directed to Defendants," which was largely duplicative of the set served August 8, 2007, and included an additional ten interrogatories.

Prior to responding to the thirty-eight interrogatories (excluding discrete subparts), Defendants informally communicated to Plaintiff's counsel regarding their objection to Plaintiff's excessive number of interrogatories. By the Defendants' conservative count, Plaintiff actually sought answers to 127 interrogatories. Furthermore, many of Plaintiff's interrogatories were substantially similar. By agreement, Plaintiff agreed to serve twenty-eight (excluding discrete subparts) revised interrogatories on October 4, 2007. By the Defendants' count, the revised set still consisted of 94 interrogatories, including discrete requests. Pursuant to their agreement, Defendants nonetheless answered the revised interrogatories on October 18, 2007.

## DEFENDANT HAS EXCEEDED THE INTERROGATORY LIMIT
## SET FORTH IN RULE 33(a)

So far, Plaintiff has propounded four sets of document requests totaling 35 requests, and two sets of interrogatories, totaling 108 interrogatories. Excluding numerous informal exchanges regarding documents produced by the Defendants to which Plaintiff made further inquiries, Defendants have responded to 25 document requests, answered 94 interrogatories (including discrete subparts), and produced 1,039 pages of documents.

At this point, Plaintiff does not seek any new or different information. Rather, he has merely restyled interrogatories and document requests that the Defendants have either previously answered, objected to, or produced responsive documents in response thereto. For example, in Plaintiff's Second Interrogatories, he seeks revenue generated by certain of the Defendants' partners for fiscal years 2003 and 2004. Defendants have previously answered these

---

[1] Although titled "Plaintiff's Fifth Request for Production Directed to Defendants," it is actually Plaintiff's fourth request for the production of documents.
[2] Defendants' responses to Plaintiff's Second Interrogatories and Fifth Document Request were due January 2, 2008.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
January 7, 2008
Page 3

inquiries, they have produced all responsive documents in their custody, possession, and control, and they have provided Plaintiff on two occasions with detailed lists of the documents, by Bates-number and title. Pursuant to Rule 26, it is appropriate for this Court to therefore limit Plaintiff's written discovery requests because the requests are duplicative and oppressive. See Fed. R. Civ. P. 26. See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., C.A. No. 04-1371-JJF, 2006 U.S. Dist. Lexis 60089, *6 (D. Del. Aug. 24, 2006) (granting motion to quash subpoena because it was cumulative and duplicative of previous subpoenas); Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159 (D. Del. 2001) (stating that a court may limit a party's discovery if the party seeks duplicative or cumulative information, or if the party had ample time to get the information).

Plaintiff's actions also appear to be an effort to harass the Defendants. Not only have the Defendants previously answered the majority of Plaintiff's written discovery, the Defendants have complied with numerous informal discovery requests raised by the Plaintiff. At this point, it is burdensome and annoying for the Defendants to answer substantively similar written discovery requests. "[B]ecause the device can be costly and may be used as a means of harassment, it is desirable to subject its use to control of the court…" Fed. R. Civ. P. 33 advisory committee's note (1993). See also Mawulawde v. Board of Regents of the University System, No. CV 105-099, 2007 U.S. Dist. LEXIS 62700, *19-21 (S.D. Ga. Aug. 24, 2007) (requiring parties to adhere to Rule 33's twenty-five interrogatory limit); Burket v. Hyman Lippitt, No. 05-72110, 2007 U.S. Dist. LEXIS 62044, *2-5 (E.D. Mich. Aug. 23, 2007) (denying defendants' request to exceed Rule 33's twenty-five interrogatory limit). It is therefore appropriate for the Court to limit Plaintiff's use of additional written discovery. See Fed. R. Civ. P. 26(c) (stating that a court may, for good cause, enter an order protecting a party from annoyance, oppression, or the undue burden or expense related to answering discovery); Moll v. Telesector Res. Group, Inc., No. 04-CV-0805S (Sr), 2007 U.S. Dist. LEXIS 72854, *4-5 (W.D.N.Y. Sept. 28, 2007) (limiting, in part, certain of plaintiff's written discovery requests).

To conclude, Plaintiff has propounded four times the number of interrogatories allowed under the Federal Rules of Civil Procedure. Because Plaintiff has exceeded his interrogatory limit, and because his recent document requests merely mirror his "new" interrogatories, Defendants ought to be relieved of their obligation to further object or otherwise respond to Plaintiff's Second Interrogatories and fourth document request.

Regards,

*/s/ Maribeth L. Minella*

Maribeth L. Minella (Bar I.D. # 4185)

cc: Sheldon N. Sandler, Esq., via i/o mail
     Gary Aber, Esq., via Hand Delivery and E-File