LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)

702 KING STREET, SUITE 600

P.O. BOX 1675

WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAGAAR B. SHAH**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

(302) 472-4900
TELECOPIER (302) 472-4920

January 9, 2008

Magistrate Judge Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE  19801

RE:   Paul v. Deloitte & Touche, et.al.
      C.A. No.: 06-225***

Dear Judge Thynge:

The issue presented in this Letter Memorandum, deals with the scope of the plaintiff's discovery. During discovery the defendant has limited any information provided to the plaintiff by comparing the plaintiff only to the small Boston unit in which he worked. The plaintiff believes, based upon facts revealed during discovery, that the comparison should be to a broader universe of similarly situated members of the defendants' firms.

## COMPARATOR DISCOVERY DISPUTE

Since this is an age discrimination matter, one of the ways which a plaintiff may prove discrimination, in addition to a "pretext" analysis is to show that he had been treated differently than other persons similarly situated, that is to compare himself to "comparators". Jones v. City of Wilmington, 299 F.Supp.2d 380 (D.Del. 2004)(granting partial summary judgment to the defendant, but also allowed discovery of comparator evidence in order to seek out evidence of racial discrimination).

The defendants in this point of the litigation have asserted that any "comparator" evidence must be restricted to the plaintiff's eighteen (18) person unit located in Boston, and to those individuals supervised by his immediate supervisor, Vince DeGutis. However, the initiation of the "severance" process by the defendants began with the issuance of a Performance Improvement Plan ("PIP"). The parties had assumed that the issuance of the "PIP" was instituted by the plaintiff's supervisor, Mr. DeGutis. However, during Mr. DeGutis' deposition, an email (Exhibit No. 1) initiating the process was shown to Mr. DeGutis who disclaimed any knowledge of plaintiff's "PIP" prior to receipt of the email. That is, Mr. DeGutis implied that the decision to institute the "PIP"

did not rest with him, but rested with another partner located in Seattle Washington.[1] Further, the request for the "PIP" was endorsed by a Frank Marcos, a supervisor for the entire Northeast region of the defendants' firm. In addition, discovery has shown that the decision to "sever" the plaintiff was not made by his immediate supervisor, Mr. DeGutis, but was rather made by a "Committee of Six", drawing in part from other members of the firms, from all over the United States. Thus, plaintiff submits that the comparator evidence must be based on a broader universe than the group supervised by the plaintiff's individual supervisor.

The issue posed here has been addressed by this Court in Finch v. Hercules Incorporated 149 F.R.D. 60 (D. Del. 1993). There the court held that where the discrimination was the result of a company wide "Policy Compliance Committee", limiting discovery to a single supervisor, in the face of a two step process, was inappropriate. As the court stated;

> "The existence of a body outside the plaintiffs work unit which had approval power over his termination precludes a limitation of discovery to the individual work unit." Finch supra. at p. 64

The Court found that relevant information was how the defendant made the employment decision. Here, the decision was made by the "Committee of Six", a group drawn from across the entire United States.

Where a victim of discrimination is the victim of a allegedly discriminatory company-wide policy, the fact that comparators do share the same supervisor, with others, does not preclude consideration of such comparator evidence . EEOC v. Horizon/ SMS Healthcare Corporation 220 F. 3d 1184 (10th Cir 2000) (noting that the "same supervisor" test has application only in a disciplinary context. [Id.] at n. 10.)

Moreover, the issue as to whether employees are "similarly situated" is ordinarily a fact issue for the jury. Graham v. Long Island R.R. 230 F. 3d. 34, 39 (2nd Cir 2000).

The objection to seeking "comparator" evidence is not appropriate at the discovery stage, but rather must wait until trial. In Pitrolo v. Country of Sunconbe 2007 WL 1041193 (W.D.N.C. 2007)(Attached as Exhibit No. 2) the Court ordered discovery sought by the plaintiff of comparators. In doing so the court stated that;

> "[D]efendants have argued that plaintiffs discovery requests are objectionable because they may require production of information as to employees who are not comparators as defined by relevant case law. While it maybe valid to argue at trial or at summary judgment that evidence as to a given employee is not admissible in as much as such person is not a "valid comparator", see Wheatley v. Wicomio County Maryland 390 F. 3d 328, 334 (4th Cir 2004) discovery that is designed to find a valid comparator is not objectionable simple because it may also include information

---

[1] The author of the email, Roberta Van Bogart was the administrative assistant to a Steve Severin, the partner located in Seattle.

that may not be admissible." Pitrolo, supra, at p. 1.

In determining proper comparators, the "similarly situated requirement" is not to be applied rigidly, it is flexible and is to be applied in a flexible manner. Humphreys v. CBOCS West, Inc. 474 F. 3d 387, 404 (7th Cir 2007). There, the court found that making an analogy of similarly situated employee it must be flexible, consider all relevant factors and the context of the case. (Id.) Specifically, in looking at the relevant factors an employee need not show complete identity in comparing himself to differently treated employees but must only show similarities. (Id). The Court went on to state that in making an analysis a "common sense" factual inquiry is enough, to determine if there are common features between the individuals to allow a meaningful comparison (Id).

> "It is important not to lose sight of the common-sense aspect of this inquiry. It is not an unyielding, inflexible requirement that requires near one to one mapping between employees-distinctions can always be found in particular job duties or performance histories or the nature of the alleged transgressions. Humphreys, supra, at p. 405.

In Pacquin v. Federal National Mortg. Ass'n. 119 F. 3d 23, 28 (C.A.D.C 1997) the court reversed the lower Court's denial of comparator discovery. There, the defendant contended that the plaintiff was dismissed because he had not received adequate scores in his evaluations. The plaintiff sought evaluations of others which might have been less favorable to establish discrimination. The Court reversed stating that the plaintiff was entitled to discovery of other individuals at the same level as he. By the same rational the plaintiff here seeks discovery of other partners who had a similar level of production whether they were issued "PIPs", the bases for the issuance of those "PIPs" and whether they resulted in the partners' termination.

For these reasons as recently revealed in Vince DeGutis' deposition, that the decision to "sever" plaintiff's relationship was not made by his immediate supervisor, but was made rather by a "body outside the plaintiff's work unit" Finch, supra, and the "same supervisor" test is inappropriate in a discrimination context, as opposed to a disciplinary context, the plaintiff should be allowed and provided relevant information to compare himself to other individuals whose performance was the same as his, and were either not issued "PIP's" or were issued "PIP's" but were not "severed".

Thank you for Your Honor's consideration.

Respectfully,

Gary W. Aber

GWA/mac
cc:   Sheldon N. Sandler, Esquire

# EXHIBIT 1

**Siegel, Benjamin (US - New York)**

| | |
|---|---|
| From: | Marcos, Frank (US - New York) |
| Sent: | Wednesday, December 10, 2003 9:19 AM |
| To: | Van Bogart, Barbara (US - Seattle) |
| Subject: | RE: Alan Paul |

barbara.....we will need some additional timee - not much - probably early to mid next week...lots of market activity has slightly slowed down the process....frank

-----Original Message-----

| | |
|---|---|
| From: | Van Bogart, Barbara (US - Seattle) |
| Sent: | Tuesday, December 09, 2003 7:32 PM |
| To: | Marcos, Frank (US - New York) |
| Subject: | Alan Paul |

Hi Frank:

Steve asked me to let you know we need Alan Paul's PIP by Friday of this week - let me know if there is anything I can do to help.

Thanks -

Regards,

Barbara

1

D00309

# EXHIBIT 2

Westlaw.

Slip Copy                                                                                               Page 1

Slip Copy, 2007 WL 1041193 (W.D.N.C.)
(Cite as: Slip Copy)

Pitrolo v. County of Buncombe
W.D.N.C.,2007.
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina, Asheville Division.
Melanie PITROLO, Plaintiff,
v.
COUNTY OF BUNCOMBE, North Carolina; Western North Carolina Regional Air Quality Agency Board of Directors; Dean Kahl; Loyd Kirk; Vonna Cloninger; and Britt Lovin, Defendants.
No. 1:06cv199.

April 4, 2007.

Michael G. Wimer, Arden, NC, for Plaintiff.
Thomas Joseph Doughton, Blancato, Doughton & Hart, PLLC, Winston-Salem, NC, for Defendants.

**ORDER**
DENNIS L. HOWELL, United States Magistrate Judge.
*1 **THIS MATTER** is before the court on plaintiff's Motion to Compel Discovery (# 18), defendants' Response (# 21), and plaintiff's Reply (# 25).

In this gender discrimination and Equal Pay Act case, defendants have interposed objections to plaintiff's discovery requests which seek information concerning "male comparators" during times relevant to plaintiff's public employment. Plaintiff seeks to compel such discovery.

Defendants' primary objection is that these discovery requests come late in the discovery process. Indeed, it appears that these discovery requests came at the end of discovery; however, they are within the time provided by the Pretrial Order. While plaintiff's timing of the discovery request may make the information of little practical use inasmuch as the court-sanctioned time for taking depositions has closed,[FN1] as long as the requests are made within the time provided by the Pretrial Order, the information sought is discoverable if it within the scope of Rule 26, Federal Rules of Civil Procedure. The court finds no merit to defendants claim that such requests were untimely.

> FN1. Counsel may take depositions up to the time of trial with the consent of opposing counsel.

Defendants have also argued that plaintiff should have known from her own experience or should have done pre-litigation investigation as to who she believes are comparators prior to filing this action in May 2006. Plaintiff responds that such information was not available from public documents at the time she filed her Complaint, because the county only makes available to the public information on current employees. As to whether plaintiff should have known who the comparators were during her employment, it simply is not reasonable to assume that any employee within a large municipal government would know across the board who was being paid what salary and what duties were performed for such compensation. To require otherwise would be to put employees in litigation mode, gathering evidence against their public employer in anticipation of litigation they may not even foresee, when they should be devoting their time to public service.

Finally, defendants have argued that plaintiff's discovery requests are objectionable because they may well require production of information as to employees who are not comparators as defined by relevant case law. While it may be valid to argue at trial or at summary judgment that evidence as to a given employee is not admissible inasmuch as such person is not a "valid comparator," *see Wheatley v. Wicomico County, Maryland,* 390 F.3d 328, 334 (4th Cir.2004), discovery that is designed to find

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00225-MPT   Document 81   Filed 01/09/2008   Page 8 of 8

Page 3 of 3

Slip Copy

Page 2

Slip Copy, 2007 WL 1041193 (W.D.N.C.)
**(Cite as: Slip Copy)**

valid comparators is not objectionable simply because it may also include information that may not be admissible. Under Rule 26, the court's inquiry is a simple one:

the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*2 Fed.R.Civ.P. 26(b)(1). Thus, if plaintiff's discovery requests appear to be reasonably calculated to lead to the discovery of admissible evidence, i.e., persons who may be determined to be comparators, they must be answered. Plaintiff has requested the following:

*Interrogatory No. 1.*

Identify by name, address, phone number, gender, pay, benefits, job title, job responsibilities, and status as exempt or non-exempt, all supervisors, assistant directors and directors who worked at the County, the Agency, or any County department at any time from May 26, 2003 to July 1, 2005.

*Document Request No. 1*

All documents regarding the job duties, position descriptions, classifications, pay plans or salary grades, pay, benefits, identity and gender of supervisors, assistant directors, and directors who worked at the County, the Agency, or any County department at any time from May 26, 2003 to July 1, 2005.

Clearly, these requests are tailored to find persons who may be determined to be comparators. Plaintiff's Motion to Compel will be allowed.

In accordance with the requirements of Rule 37(a)(4), Federal Rules of Civil Procedure, plaintiff may seek an award of its costs and fees by filing a motion for hearing on costs and fees accompanied by an itemized bill of costs and fees. Because an award to the prevailing party on a Motion to Compel is mandated by the Federal Rules, respective counsel are advised that the preferred method of resolution of costs and fees is through amicable agreement without necessitating the additional costs of a hearing.

### ORDER

**IT IS, THEREFORE, ORDERED** that on plaintiff's Motion to Compel Discovery (# 18) is **ALLOWED,** and defendants shall fully answer and provide the requested discovery materials within 10 days.

W.D.N.C.,2007.
Pitrolo v. County of Buncombe
Slip Copy, 2007 WL 1041193 (W.D.N.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.