LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAGAAR B. SHAH**

January 9, 2008

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Magistrate Judge Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE 19801

RE:   Paul v. Deloitte & Touche, et.al.
      C.A. No.: 06-225***

Dear Judge Thynge:

This Letter Memorandum serves to reply to the Defendant's Memorandum of January 7, 2008, seeking to limit plaintiff's interrogatories, asserting that they exceed the twenty-five (25) permitted under Rule 33.

## NUMBER OF INTERROGATORIES

Previously the plaintiff had served upon the defendant a series of contention interrogatories, which asked the factual basis for denial of allegations in the complaint, the names and addresses of persons having knowledge of such facts, and the identity of documents relating to such facts. The defendant objected to that discovery, stating that because the nature in which they were written they exceeded the twenty-five (25) interrogatory limit. After an exchange of conferences and after extensive negotiation the parties agreed to limit those interrogatories and they were answered. The defendant also produced over a thousand pages of documents, in response to plaintiff's request for production, without organization and without designating to which request any document was responsive. Plaintiff objected to the nature of the production, citing Rule 34(b) which requires the documents to be produced either as they are kept in the ordinary course of business, or organized in a manner showing to what they are responsive. Eventually the defendant complied to the plaintiff's request and provided an index to the documents.

Thereafter, as a result of the deposition of the plaintiff, as conducted by the defendant, and a review of all the documents produced by the defendant, it became clear to the plaintiff that the alleged "non-discriminatory" reasons for the plaintiff's "severance" would involve detailed exhaustive examination of voluminous and

complicated accounting and business records of the defendant. As a result, the plaintiff drafted ten (10) narrow interrogatories directed to the four (4) reasons for the plaintiff's severance (A copy of those interrogatories are attached hereto as Exhibit No. 1). The reasons for the plaintiff's severance were as follows:

(1) Lack of revenue generation.
(2) Lack of targeting activities and sales
(3) Lack of billings and collections
(4) Lack of client service charge hours.

Each of those grounds served a need for separate discovery to fully explore the alleged "non-discriminatory" basis for the termination of his relationship with the defendant, or to determine whether they were a "pretext".

Each of the ten (10) additional interrogatories were designed to seek out detailed succinct information necessary inquire into the "non-discriminatory" reasons for the plaintiff's severance. Those interrogatories, and the reasons for them are as follows:

**Interrogatory Nos. 1 and 3**: In prior answers to interrogatories the defendant identified eighteen (18) individuals who were lead tax partners in the plaintiff's group.[1] While the defendant has provided some information for some of these individuals (approximately twelve (12)), they provided little if any information for the remaining individuals.

**Interrogatories Nos. 2 and 4**. These interrogatories seek the revenue generation for the defendant's conceded comparators on a monthly basis. This is necessary because the defendant has submitted charts which purports to show the plaintiff's lack of production for the FY 2003 and 2004. However, the later months of FY 2004, were months after plaintiff had been "severed" when he was not expected to produce, and was to wind down his affairs. Thus, the monthly figures were necessary to extrapolate as to what his income would have been for a full year if he would have been permitted to remain with the defendants.

**Interrogatory Nos. 5, 6, 7, 8, 9 and 10**: Dealt with revenue from clients, which the plaintiff served in the years FY 2003 and 2004. The plaintiff believes that revenues generated as a result of his efforts with regards to this claim were not properly attributed to him. Thus, these requests are very narrow in scope and information sought to determine if those billings.

---

[1] As explained in the accompanying memorandum, while the defendant has apparently agreed to those individuals as "comparators" it is suggested that plaintiff's immediate unit is too narrow a universe given the company wide mechanism used to "sever" the plaintiff's relationship.

2

   The plaintiff submits that the ten (10) narrowly drawn and distinct interrogatories for which he seeks information are narrowly crafted and directed to the defendants' alleged "non-discriminatory" basis for the "severance" of the plaintiff from defendants' organizations. The information sought by the plaintiff is, contrary to the defendant's representations, new and different information, and not previously provided. The defendant cannot show where any of the information requested has been previously provided, with the exception of partial responses to interrogatories 1 and 3 for some, but not all of the defendant's conceded comparators. (twelve (12) of eighteen (18) members of plaintiff's unit0.

   Thank you for Your Honor's consideration.

                    Respectfully,

                    Gary W. Aber, Esquire

GWA/mac
cc: Sheldon N. Sandler, Esquire

# EXHIBIT 1

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN D. PAUL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No.: 06-225 MPT ) ) Trial By Jury Demanded |
| DELOITTE & TOUCHE, LLP, and DELOITTE & TOUCHE, USA, LLP, | ) ) ) ) |
| Defendants | ) ) |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

1. With regards to defendant's supplemental answer to Interrogatory No. 25, and the individuals listed therein, for each such individual, please state, for the FY year 2003, the goals for revenues to be generated by such persons, revenues actually generated, and for any individuals who were members of the LTS Department, please provide appropriate figures for revenue generation, including the sales of CTS Solution Services, targeting activities, targeting sales, billings, collections, and client service charge hours.

**ANSWER**:


2. With regards to the chart used in the deposition of the plaintiff in this matter, <u>Paul Depo Ex. No. 7</u> list the actual total revenue for each person listed there on a monthly basis for the year FY 2003

**ANSWER**:

3. With regards to defendant's supplemental answer to Interrogatory No. 25, and the individuals listed therein, for each such individual, please state, the FY 2004, goals for revenues to be generated by such persons, revenues actually generated, and for any individuals who were members of the LTS Department, please provide appropriate figures for revenue generation, including the sales of CTS Solution Services, targeting activities, targeting sales, billings, collections, and client actual chargeable hours.

**ANSWER**:


4. With regards to the chart used in the of the plaintiff in this matter, Paul Depo Ex. No. 7 list the actual total revenue for each person listed there on a monthly basis for FY 2003.

**ANSWER**:


5. For the FY 2003, please state all revenue, including non-tax revenue from Spalding & Sly and affiliates.

**ANSWER**:


6. For the FY 2004, please state all revenue, including non-tax revenue from Spalding & Sly and affiliates.

**ANSWER**:

7. For the FY 2004, please state all revenue received from The Stride-Rite Corporation or its affiliates for work done in China by D & T's affiliates.

**ANSWER**:


8. For the FY 2005, please state all received from The Stride-Rite Corporation or its affiliates for work done in China by D & T's affiliates.

**ANSWER**:


9. For the FY 2004, please state, all income and/or fees related to tax refund opportunities in Australia for Grand Circle Travel Corporation or its affiliates.

**ANSWER**:


10. For the FY 2005, please state, all income and/or fees related to tax refund opportunities in Australia for Grand Circle Travel Corporation or its affiliates.

**ANSWER**:


                ABER, GOLDLUST, BAKER & OVER

                _____
                Gary W. Aber (DSB #754)
                702 King Street, Suite 600
                P.O. Box 1675
                Wilmington, DE  19899
                (302) 472-4900
                Attorney for Plaintiff

DATED:  November 28, 2007